**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4679**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GERALD WAYNE HOWARD,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:06-cr-00042-TDS-1)

Submitted:  April 20, 2017                                   Decided:  April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Kimberly Furr Davis, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Wayne Howard appeals the district court's judgment revoking his supervised release and sentencing Howard to 23 months in prison. Howard's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he avers that there are no meritorious issues for appeal but suggests that we review the reasonableness of Howard's sentence. Although advised of his right to file a pro se supplemental brief, Howard has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id*. (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015). Applying these standards, we readily conclude that Howard's within-range sentence is neither procedurally nor substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's

judgment. This court requires that counsel inform Howard, in writing, of the right to petition the Supreme Court of the United States for further review. If Howard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*